■ INCORPORATED VILLAGE OF ASHAROKEN et al., Appellants, v LONG ISLAND LIGHTING COMPANY, Respondent. (Action No. 1.) ANTHONY SBARRO et al., Plaintiffs, and ARNOLD GALLO, Appellant, v LONG ISLAND LIGHTING COMPANY, Respondent. (Action No. 2.) [869 NYS2d 590]—

The defendant in these two actions maintains jetties and channels in Long Island Sound in connection with the operation of a power station. These structures block sand that would otherwise naturally accrete onto the shores of Asharoken Beach. Pursuant to the conditions of its permit from the United States Army Corps of Engineers that allows it to maintain these structures, the defendant is required to periodically deposit sand onto Asharoken Beach to compensate for the sand that it blocks.

The appellants, the Incorporated Village of Asharoken and a number of individual property owners, commenced these two related actions alleging that the defendant is causing erosion at Asharoken Beach by blocking more sand than it is depositing, and that these actions constitute a public and private nuisance (*see Copart Indus. v Consolidated Edison Co. of N.Y.,* 41 NY2d 564, 568-569 [1977]). At trial, the appellants failed to prove by a preponderance of the evidence that the defendant is blocking more sand than it is depositing; thus, the appellants failed to prove that any erosion that is occurring at Asharoken Beach is being caused by the defendant, as opposed to other factors. Accordingly, the Supreme Court properly dismissed the complaints insofar as asserted by the appellants in the two actions. Mastro, J.P., Rivera, Fisher and Eng, JJ., concur.